# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WILLIE R. PEAVY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:16-CV-165 TLS |
| | ) | |
| WAYNE PEOPLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Willie R. Peavy, a *pro se* prisoner, filed an Amended Complaint [ECF No. 8] alleging that the Defendants violated a contract with Aramark, a food service provider, by allowing an Aramark employee to sign a Conduct Report charging him with violating a prison rule. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this Court must review the Amended Complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a Defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, the Amended Complaint does not state a claim because the violation of a contract does not constitute the violation of a Constitutional right. Beyond that, the Constitution does not prohibit private contract employees from operating an entire prison, which inherently requires that they discipline inmates for breaking the rules. *See Pischke v. Litscher*, 178 F.3d 497, 500

(7th Cir. 1999) (describing as "thoroughly frivolous" the argument that it is unconstitutional to confine a convicted prisoner in a prison owned by a private firm). Therefore, this Amend Complaint does not state a claim and it must be dismissed.

It is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint. . . . [but] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 F. App'x. 346, 348 (7th Cir. Feb. 3, 2016) (unpublished order) (internal citation and quotation marks omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 n.3 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, this case is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A.

The Court also notes that, on July 8, 2016, the Plaintiff filed a Motion for Appointment of Counsel [ECF No. 9]. Even overlooking that the Plaintiff has failed to show any effort to obtain counsel on his own, *see Olson v. Morgan*, 750 F.3d 708, 710–11 (7th Cir. 2014), the Plaintiff has ably and adequately stated the basis of his claim, *Perez v. Fenoglio*, 792 F.3d 768, 784 (7th Cir. 2015) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Accordingly, the Motion for Appointment of Counsel [ECF No. 9] is DENIED.

SO ORDERED on August 29, 2016.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION